FILED

2015 FEB -4  AM 9: 39

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

**JOE W. CONWAY,**

                        **Petitioner,**

-vs-                                                  **Case No. A-14-CA-653-SS**

**WILLIAM STEPHENS,**

                        **Respondent.**

---

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Petitioner Joe W. Conway's Petition for Writ of Habeas Corpus [#1], the Report and Recommendation (R&R) of the United States Magistrate Judge [#12], and Petitioner Conway's Objections [#17]. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders ACCEPTING the R&R and DENYING Conway's petition for writ of habeas corpus.

All matters in this case were referred to United States Magistrate Judge Andrew W. Austin for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Conway is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

## Background

### A.    Conway's Criminal History

According to Respondent, the Director has lawful and valid custody of Conway pursuant to a judgment and sentence of the 421st Judicial District Court of Caldwell County, Texas, in cause number 13-169.  Conway was charged by indictment with possession of a controlled substance, namely methamphetamine, in the amount of four grams or more but less than 200 grams.  Conway pleaded guilty as charged on December 16, 2013, and was sentenced to three years' imprisonment pursuant to a plea bargain agreement.  Conway did not appeal his conviction.  He did, however, challenge his conviction in a state application for habeas corpus relief.  On June 4, 2014, the Texas Court of Criminal Appeals denied the application without written order.  *Ex parte Conway*, Appl. No. 81,410-01.

### B.    Conway's Grounds for Relief

Conway raises the following grounds for relief:

1.    His trial counsel failed to investigate the facts of the case;

2.    His trial counsel failed to file a continuance;

3.    His trial counsel failed to develop and present a defense by:

    a.    failing to raise Fourth Amendment violations in a suppression hearing, examining trial, or trial by jury;

    b.    failing to show the District Attorney had a conflict of interest because he was involved in the petitioner's arrest;

    c.    failing to show the incident reports were unreliable; and

    d.    failing to argue a lack of subject matter jurisdiction over the misdemeanor;

4.    His trial counsel failed to file a motion to suppress; and

5.      His plea was involuntary because his trial counsel coerced him into accepting the plea bargain.

**C.      Exhaustion of State Court Remedies**

Respondent contends Conway's claims are partially unexhausted and procedurally barred. Respondent explains Conway failed to present his first two claims to the state habeas court.

**Analysis**

The Magistrate Judge first concluded Conway's first two claims—that trial counsel was ineffective for failing to investigate the facts of the case and for failing to file a motion for continuance—were procedurally barred because Conway had not exhausted these claims. *See* R&R [#12] at 3.   The Magistrate Judge alternatively held Conway waived his first two claims of ineffective assistance of counsel with his voluntary guilty plea. *Id.* at 4.   The Court adopts the R&R's alternative holding and finds Conway's first two claims waived pursuant to his guilty plea for the same reasons as his other claims as explained below.

**A.      The Antiterrorism and Effective Death Penalty Act of 1996**

The Supreme Court has summarized the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act. *See Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 783–85 (2011).   The Court noted the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The Court noted "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington*, 131 S. Ct. at 784.

One of the issues *Harrington* resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Id.* Following all of the Courts of Appeals' decisions on this question, the Court concluded the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." *Id.* (citations omitted).  The Court noted it had previously concluded "a state court need not cite nor even be aware of our cases under § 2254(d)." *Id.* (citing *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam)).  When there is no explanation with a state court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." *Id.* And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that decision because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." *Id.*

As *Harrington* noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. *Id.* at 785 (citing 28 U.S.C.

§ 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Dowthitt v. Johnson*, 230 F.3d 733, 740 (5th Cir. 2000) (quotation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

*Id.* at 740–41 (quotation omitted). Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 741 (quotation omitted). The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e). That section states a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). But absent such a showing, the federal court must give deference to the state court's fact findings. *Id.*

**B.     Guilty Plea**

Conway asserts his guilty plea was involuntary because his trial counsel coerced him into accepting the plea bargain. To be valid, a guilty plea must be voluntary, knowing, and intelligent. *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007). The test for determining a guilty plea's validity is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31

(1970). A court assessing the validity of a plea must look to "all of the relevant circumstances surrounding it and consider such factors as whether there is evidence of factual guilt." *Matthew v. Johnson*, 201 F.3d 353, 364–65 (5th Cir. 2000). The defendant must also have notice of the charges against him, understand the constitutional protections he has waived, and have advice from competent counsel. *Washington*, 480 F.3d at 315. Furthermore, the defendant must be competent, and the plea must "not be the product of 'actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel." *Matthew*, 201 F.3d at 365 (quoting *Brady v. United States*, 397 U.S. 742, 750 (1962)). The trial court must inform the defendant of the consequences of his plea, but "the defendant need only understand the direct consequences of the plea; he need not be made aware of every consequence that, absent a plea of guilty, would not otherwise occur." *United States v. Hernandez*, 234 F.3d 252, 255 (5th Cir. 2000) (per curiam).

A guilty plea "and the ensuing conviction encompasses all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Broce*, 488 U.S. 563, 569 (1989). A plea of guilty amounts to more than a mere confession; it is instead "an admission that [the defendant] committed the crime charged against him." *Id.* at 570. A voluntary guilty plea waives all non-jurisdictional defects in the proceedings except claims of ineffective assistance of counsel relating to the voluntariness of the plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). As the Supreme Court has explained:

When a criminal defendant has solemnly admitted in open court that he is in fact

guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [*v. Richardson*, 397 U.S. 759, 770–71 (1970)].

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also United States v. Cothran*, 302 F.3d 279, 285–86 (5th Cir. 2002) (holding "[a] plea of guilty admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings leading to conviction").

A guilty plea is "open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (quoting *McMann*, 397 U.S. at 770–71). "Counsel is needed so that the accused may know precisely what he is doing, so that he is fully aware of the prospect of going to jail or prison, and so that he is treated fairly by the prosecution." *Argersinger v. Hamlin*, 407 U.S. 25, 34 (1972). Counsel's advice to a defendant to accept a proposed plea agreement, in light of the facts and circumstances of the case, is normally considered to be a strategic choice that rests within counsel's professional judgment. *See Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992). To establish a claim trial counsel's defective assistance rendered a plea involuntary, the petitioner must show counsel's representation fell below an objective standard of reasonableness and a reasonable probability exists that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

As the Magistrate Judge properly explained, Conway has not alleged any specific facts showing he was not adequately informed of the nature of the charge against him prior to his guilty plea. Conway knew he was charged with the felony offense of possession of a controlled substance,

a second degree felony, and was pleading to the charged offense. He was admonished with regard to the range of punishment for his second degree felony, signed the waiver of rights and agreements in connection with the plea of guilty, and admitted he was guilty of each and every allegation contained in the indictment. *Ex parte Conway*, Appl. No. 81,410-01 at 28–37. Thereafter, the trial court certified the voluntariness of Conway's plea, his guilt, and his waivers, and accepted the plea bargain in writing. *Id.* at 36.

As mentioned above, to establish a claim trial counsel's defective assistance rendered a plea involuntary, the petitioner must show counsel's representation fell below an objective standard of reasonableness and a reasonable probability exists that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lockhart*, 474 U.S. at 59. Conway has shown neither that counsel's performance was deficient nor that he was prejudiced thereby. Conway's solemn declarations made at the time he entered his guilty plea undermine his claims of an involuntary plea, and his unsupported allegations are insufficient to entitle him to relief.

In his Objections, Conway argues counsel advised him to accept the 3-year plea deal to avoid the risk of being enhanced as a habitual offender, which would increase the range of punishment to beginning at 25 years. Objections [#17] at 2. Conway has previously made this same "threat of enhancement" argument in his state application and his original petition. Consequently, this specific claim is exhausted, but the Court rejects it for reasons already explained. *See also Uresti v. Lynaugh*, 821 F.2d 1099, 1102 (5th Cir. 1987) (recognizing a plea is not coerced or involuntary simply because it is compelled by warnings about the likelihood of conviction or a lengthy prison sentence).

Conway, however, expands on this argument in his Objections and argues counsel's advice regarding being enhanced to a habitual offender was factually erroneous. Objections [#17] at 4.

Conway argues he was never at risk of being enhanced as a habitual offender because his prior

offenses do not qualify him as such under the Texas Penal Code. *Id.* The problem with this

contention is Conway has not previously made this specific argument in either his state application

or his original petition, and therefore the argument is unexhausted and procedurally barred.

While Conway's newly raised argument is similar to his previously asserted "threat of

enhancement" argument, it is critically different in that it depends on a number of distinct factual

questions never presented to the state court. "The exhaustion requirement is satisfied when the

substance of the federal habeas claim has been fairly presented to the highest state court." *Fisher*

*v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971).

As explained by the Fifth Circuit:

> A claim is fairly presented when the petitioner "asserts the claim in terms so
> particular as to call to mind a specific right protected by the Constitution or alleges
> a pattern of facts that is well within the mainstream of constitutional litigation."
> *Kittelson v. Dretke*, 426 F.3d 306, 315 (5th Cir. 2005) (per curiam) (internal
> quotation marks omitted). "It is not enough that all the facts necessary to support the
> federal claim were before the state courts or that a somewhat similar state-law claim
> was made." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) (quoting *Anderson
> v. Harless*, 459 U.S. 4, 6 (1982)); *see also Duncan v. Henry*, 513 U.S. 364, 366
> (1995) (per curiam) (holding that petitioner did not fairly present federal due process
> claim by bringing a "somewhat similar" but doctrinally distinct "miscarriage of
> justice" claim under the California Constitution); *Gartrell v. Lynaugh*, 833 F.2d 527,
> 529 (5th Cir. 1987) (holding that petition presenting state-law sufficiency challenge
> fairly presented a federal sufficiency challenge because "the federal and state
> standards applicable to [petitioner]'s claims are identical, not merely 'somewhat
> similar'"). "Rather, the petitioner must afford the state court a 'fair opportunity to
> apply controlling legal principles to the facts bearing upon his constitutional claim.'"
> *Bagwell v. Dretke*, 372 F.3d 748, 755 (5th Cir. 2004) (quoting *Anderson*, 459 U.S.
> at 6).

*Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013).

Moreover, a subsequent state application for habeas corpus on his unexhausted issue would be futile as it would be dismissed pursuant to TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 as an abuse of the writ. When a state court decision rests on a state law ground that is independent of a federal question and adequate to support the judgment, federal courts lack jurisdiction to review the merits of the case. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). In order for a claim of procedural default to preclude federal review of a habeas petitioner's claim, the last state court issuing a reasoned decision must have clearly and unequivocally relied upon the procedural default as an independent and adequate ground for denying relief. *Harris v. Reed*, 489 U.S. 255, 262 (1989). Additionally, even though a claim has not been reviewed by the state courts, this Court may find that claim to be procedurally barred. *Coleman*, 501 U.S. at 735–37. The general rule a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court remedies and the state court to which he would be required to present his unexhausted claims would now find those claims to be procedurally barred. *Id.* at 735 n.1. A petitioner, however, can still obtain federal habeas review on a claim denied by the state court on the grounds of procedural default if he can show cause and actual prejudice for his procedural default or that a failure to address the federal claim would result in a miscarriage of justice. *Moore v. Roberts*, 83 F.3d 699, 702 (5th Cir. 1996) (citing *Coleman*, 501 U.S. at 750).

Conway has failed to show cause and actual prejudice for his procedural default and has made no showing a failure to address the merits of his claims would result in a miscarriage of justice. Therefore, he is barred from raising his unexhausted claims.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's

determination of facts in light of the evidence. Accordingly, the Court is of the opinion 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief.

## Conclusion

The Court agrees with the Magistrate Judge's R&R, and finds Conway's Petition for Writ of Habeas Corpus [#1] must be DENIED.

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Conway's § 2254 petition on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484)). Thus, a certificate of appealability shall not issue.

Accordingly,

IT IS ORDERED that Petitioner Joe W. Conway's Objections [#17] are OVERRULED;

IT IS FURTHER ORDERED that the Report and Recommendation of the United States Magistrate Judge [#12] is ACCEPTED;

IT IS FURTHER ORDERED that Petitioner Joe W. Conway's Petition for Writ of Habeas Corpus [#1] is DENIED;

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the 3rd day of February 2015.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE